UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| **MEHAFFEY & WATSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. 1:15-cv-106** |
| § | |
| **TRAVELERS LLOYDS OF TEXAS** § | |
| **INSURANCE COMPANY,** § | |
| § | |
| Defendant. § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Travelers Lloyds Insurance Company, incorrectly sued as Travelers Lloyds of Texas Insurance Company ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 350th Judicial District Court of Taylor County, Texas to the United States District Court for the Northern District of Texas, Abilene Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Travelers shows this Court as follows:

1.      On December 16, 2014, Plaintiff Mehaffey & Watson ("Plaintiff") commenced an action in the 350th Judicial District Court of Taylor County, Texas, styled *Mehaffey & Watson v. Travelers Lloyds of Texas Insurance Company*, where it was assigned Cause No. 10296-D.

2.      On April 29, 2015, Travelers was served with a citation.  Removal is timely because thirty (30) days have not elapsed since Travelers was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)

(holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. Travelers is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 350th Judicial District Court of Taylor County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule 81.1, attached as Exhibit "A" is a copy of all state court materials.  Travelers has also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

**(a)   The Amount in Controversy Exceeds the Federal Minimum Jurisdictional Requirements.**

6. Plaintiff seeks "monetary relief, the maximum of which is over $100,000 but not more than $200,000." *See* Ex. A-2 at § X.  Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

**(b)   Complete Diversity between Plaintiff and Defendant Exists.**

7. On information and belief, Plaintiff is a Texas general partnership, whose members are all individual resident citizens of Taylor County, Texas.  Accordingly, Plaintiff is a citizen of Texas.  *See* Ex. A-2 at p. 1.

8. Travelers is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993); *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001) ("For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.").

9. Travelers' underwriters are all citizens of Connecticut; none of its underwriters are citizens of Texas. Accordingly, Travelers is a citizen of Connecticut.

10. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Travelers prays that the above-described action now pending in the 350th Judicial District Court of Taylor County, Texas be removed to this Court.

Respectfully submitted,

 /s/ Wm. Lance Lewis
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 27th day of May 2015 at the address indicated below:

    Robert A. Pollum
    Chris Mazzola
    KETTERMAN ROWLAND & WESTLUND
    16500 San Pedro, Suite 302
    San Antonio, Texas 78232

                                              */s/ Wm. Lance Lewis*
                                              Wm. Lance Lewis