# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **MEHAFFEY & WATSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>INDEX OF STATE COURT MATERIALS</u>

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | Docket Sheet |
| A-2 | 12/16/2014 | Plaintiff's Original Petition |
| A-3 | 04/15/2015 | Citation |
| A-4 | 05/15/2015 | Defendant's Original Answer and Request for Disclosure |
| A-5 | 05/26/2015 | Defendant's First Amended Answer |

# Exhibit A-1

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : All Courts   Images  Help

# REGISTER OF ACTIONS

## CASE NO. 10296-D

| Mehaffey & Watson vs. Travelers Lloyds of Texas Insurance Company | § | | |
|---|---|---|---|
| | § | Case Type: | **Contract: Consumer/Commercial/Debt** |
| | § | Date Filed: | **12/16/2014** |
| | § | Location: | **350th District Court** |
| | § | | |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| **Defendant** | **Travelers Lloyds of Texas Insurance Company** | | **Marcie Schout** |
| | Corporation Service Company- 211 East 7th Street Ste. 620 Austin, TX 78701 | | *Retained* 214-871-2100(W) |
| | | | |
| **Plaintiff** | **Mehaffey & Watson** | | **Robert Pollom** |
| | | | *Retained* 210-490-7402(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 12/16/2014 | **Original Petition** | | |
| | *POP* | | |
| 12/17/2014 | **Citation** | | |
| | *Travelers Lloyds of Texas Insurance* | | |
| 12/17/2014 | **Citation** | | |
| | Travelers Lloyds of Texas Insurance Company | Unserved | |
| 03/13/2015 | **Request For Issuance** | | |
| | *in letter form (re-submitted)* | | |
| 04/15/2015 | **Citation** | | |
| | *Travelers Lloyds of Texas Insurance (re-issued at no charge; atty never rec'd first one)* | | |
| 04/15/2015 | **Citation** | | |
| | *Return filed with clerk 5/5/15* | | |
| | Travelers Lloyds of Texas Insurance Company | Served Returned | 04/29/2015 05/05/2015 |
| 05/05/2015 | **Citation Returned Served** | | |
| | *Travelers Lloyds of Texas Ins. Co.* | | |
| 05/15/2015 | **Answer/Response** | | |
| | *Defendant Travelers Lloyds Insurance Company's Original Answer and Request for Disclosure* | | |
| 05/26/2015 | **Amended Answer** | | |
| | *Defendant Travelers Lloyds Insurance Company's First Amended Answer* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Travelers Lloyds of Texas Insurance Company | | | |
| | Total Financial Assessment | | | 6.00 |
| | Total Payments and Credits | | | 6.00 |
| | **Balance Due as of 05/26/2015** | | | **0.00** |
| | | | | |
| 05/05/2015 | Transaction Assessment | | | 2.00 |
| 05/05/2015 | E-File Payment | Receipt # DC-128788 | Travelers Lloyds of Texas Insurance Company | (2.00) |
| 05/15/2015 | Transaction Assessment | | | 2.00 |
| 05/15/2015 | E-File Payment | Receipt # DC-129942 | Travelers Lloyds of Texas Insurance Company | (2.00) |
| 05/26/2015 | Transaction Assessment | | | 2.00 |
| 05/26/2015 | E-File Payment | Receipt # DC-130490 | Travelers Lloyds of Texas Insurance Company | (2.00) |
| | | | | |
| | **Plaintiff** Mehaffey & Watson | | | |
| | Total Financial Assessment | | | 340.00 |
| | Total Payments and Credits | | | 340.00 |
| | **Balance Due as of 05/26/2015** | | | **0.00** |
| | | | | |
| 12/17/2014 | Transaction Assessment | | | 338.00 |
| 12/17/2014 | E-File Payment | Receipt # DC-117268 | Mehaffey & Watson | (338.00) |
| 03/16/2015 | Transaction Assessment | | | 2.00 |
| 03/16/2015 | E-File Payment | Receipt # DC-124117 | Mehaffey & Watson | (2.00) |

# Exhibit A-2

Filed 12/16/2014 5:05:57 PM
Patricia Henderson
District Clerk
Taylor County, Texas
Ashlee Stewart

CAUSE NO. 10296-D

| MEHAFFEY & WATSON | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | |
| V. | § | Taylor 350th District Court JUDICIAL DISTRICT |
| | § | |
| | § | |
| TRAVELERS LLOYDS OF | § | |
| TEXAS INSURANCE COMPANY | § | TAYLOR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MEHAFFEY & WATSON, files this Original Petition against TRAVELERS LLOYDS INSURANCE COMPANY ("TRAVELERS" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Taylor County, Texas.

Defendant Travelers is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

1

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701-3218, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Taylor County, Texas because all or part of the conduct giving rise to the causes of action were committed in Taylor County, Texas and the Plaintiff and property which is the subject of this suit are located in Taylor County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 2441 South 1st Street, Abilene, Texas 79605 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported

same to Defendants pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

3

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance

4

Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

5

## B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### 1.   UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2.   THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim,

6

commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

7

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

8

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

9

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372


BY:   /s/ Robert A. Pollom
           Robert A. Pollom
           State Bar No. 24041703
           robert@krwlawyers.com
           Chris Mazzola
           State Bar No. 24069114
           chris@krwlawyers.com


ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

# Exhibit A-3

# THE STATE OF TEXAS
## Case No. 10296-D

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO: Travelers Lloyds of Texas Insurance Company by serving its registered agent, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, Texas 78701-3218**

**Defendant, GREETINGS:**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 350th District Court of Taylor County, Texas, at the Courthouse of said County in Abilene, Texas.

Said Plaintiff's Petition was filed in said Court, by Robert Pollom, 16500 San Pedro Suite 302 San Antonio TX 78232 on December 16, 2014 in this case, numbered **10296-D** on the docket of said court, and styled,

**MEHAFFEY & WATSON VS. TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said Court at Abilene, Texas, on this the 15th day of April, 2015.

Clerk's Name and Address:
Patricia Henderson, District Clerk
Taylor County Courthouse
Suite 400
Abilene, Texas 79602

By: _Kathy Conway_ ／Deputy
Kathy Conway

## RETURN OF SERVICE

10296-D      350th District Court
Mehaffey & Watson vs. Travelers Lloyds of Texas Insurance Company
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the
_____ day of _____, 20____.

_____, Officer

_____County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
**Travelers Lloyds of Texas Insurance Company by serving its registered agent,**
**Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, Texas 78701-3218**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and
executed in _____ County, Texas by delivering to each of the within named defendants in
person, a true copy of this Citation with the date of delivery endorsed thereon, together with the
accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____
Total                $_____

_____, Officer
_____County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE**
**COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation
shall sign the return. The signature is not required to be verified. If the return is signed by a person other
than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under
penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my
address is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

# Exhibit A-4

Filed 5/15/2015 3:21:03 PM
Patricia Henderson
District Clerk
Taylor County, Texas
Ashlee Stewart

## CAUSE NO. 10296-D

| | | |
|---|---|---|
| **MEHAFFEY & WATSON,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **350TH JUDICIAL DISTRICT** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **TAYLOR COUNTY, TEXAS** |

### DEFENDANT TRAVELERS LLOYDS INSURANCE COMPANY'S
### ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

In response to Plaintiff's Original Petition (the "Petition"), Defendant Travelers Lloyds Insurance Company ("Travelers" or "Defendant"), incorrectly sued as Travelers Lloyds of Texas Insurance Company, files its Original Answer thereto.

### I.
### GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

### II.
### ADDITIONAL DEFENSES

1.      Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.      Coverage is precluded to the extent that the loss occurred outside the policy period.

3.      Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property which has not been repaired or replaced and/or is not covered under the Policy.

4.      Plaintiff has failed to mitigate its damages.

5.      Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

6.      All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

7.      Travelers reserves the right to invoke appraisal.

8.      Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Travelers.

### III.
### REQUEST FOR DISCLOSURE

Pursuant to Tex. R. Civ. P. Rule 194, Plaintiff is hereby requested to disclose within thirty (30) days of service of this request, the information or material described in Tex. R. Civ. P. Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant Travelers Lloyds Insurance Company prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recover costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 15th day of May 2015 at the address indicated below:

Robert A. Pollom
Chris Mazzola
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis /Alissa Puckett

# Exhibit A-5

Filed 5/26/2015 10:11:11 AM
Patricia Henderson
District Clerk
Taylor County, Texas
Ashlee Stewart

## CAUSE NO. 10296-D

| | | |
|---|---|---|
| **MEHAFFEY & WATSON,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **350TH JUDICIAL DISTRICT** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **TAYLOR COUNTY, TEXAS** |

## DEFENDANT TRAVELERS LLOYDS INSURANCE COMPANY'S
## <u>FIRST AMENDED ANSWER</u>

In response to Plaintiff's Original Petition (the "Petition"), Defendant Travelers Lloyds Insurance Company ("Travelers" or "Defendant"), incorrectly sued as Travelers Lloyds of Texas Insurance Company, files its First Amended Answer thereto.

## I.
## <u>GENERAL DENIAL</u>

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

## II.
## <u>ADDITIONAL DEFENSES</u>

1.      Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.      Coverage is precluded to the extent that the loss occurred outside the policy period.

3.      Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property which has not been repaired or replaced and/or is not covered under the Policy.

4.      Coverage is precluded to the extent the loss was not caused by a "Covered Cause of Loss."

5.      Plaintiff's claims are barred in whole or in part by the wear and tear exclusion.

6.      Plaintiff's claims are barred in whole or in part by the exclusion for damage or loss due to "[s]ettling, cracking, shrinking, bulging or expansion of pavements, foundations, walls, floors, roofs, ceilings, curbs, fences, retaining walls or swimming pools."

7.      Plaintiff's claims may be barred in whole or in part by the exclusion for loss of or damage to the "'interior of any building or structure' caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters."

8.      Plaintiff's claims are barred in whole or in part by the exclusion for damage or loss due to "[r]ust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself."

9.      Plaintiff's claims are barred in whole or in part by the exclusion for "[c]ontinuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more."

10.     Plaintiff's claims are barred in whole or in part by the exclusion for faulty, inadequate or defective: "(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises."

11.     Some or all of Plaintiffs' claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties in the event of loss or damage, such as the failure to take reasonable steps to protect Covered Property from further damage.

12.     To the extent a disagreement exists regarding the amount of loss properly subject to appraisal, the Policy provides that if Travelers and the insured disagree, "either may make written demand for an appraisal of the loss."

13.     Plaintiff's claims may be barred in part because the policy limits replacement cost coverage to the least of the following: "(i) The Limit of Insurance applicable to the lost or damaged property; (ii) The cost to replace the lost or damaged property with other property: a) Of comparable material and qualify; and b) Used for the same purpose; or (iii) The amount you actually spend that is necessary to repair or replace the lost or damaged property."

14.     Plaintiff's claims are barred in whole or in part because the Policy precludes coverage for "[n]eglect of an insured to use reasonable means to save and preserve property from further damage at and after the time of loss."

15.     Plaintiff's claims may be barred in whole or in part by the Ordinance or Law Exclusion and/or subject to the $25,000 sublimit for the increased cost of construction "as a consequence of enforcement of the minimum requirements of any ordinance or law."

16.     Plaintiff has failed to mitigate its damages.

17.     Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

18.     All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

19.     Travelers reserves the right to invoke appraisal.

20.     Plaintiff's claims may be barred by the one satisfaction rule.

21.     Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Travelers.

22.     Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant Travelers Lloyds Insurance Company prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recover costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*

WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 26th day of May 2015 at the address indicated below:

Robert A. Pollom
Chris Mazzola
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232

*/s/ Wm. Lance Lewis*

Wm. Lance Lewis /Alissa Puckett